UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARY LYNN WINTERMUTE                                                                           PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:07-CV-631-S

DISCOVER CARD SERVICES, INC., et al.                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon the motion of the defendant Discover Card Services, Inc. ("Discover"), to dismiss the complaint filed against it by the plaintiff, Mary Lynn Wintermute ("Wintermute"), for failure to state a claim (DN 7). Taking the facts alleged in complaint as true, Wintermute is the former holder of a Discover credit card account. Her account was assigned to Evans Law Office ("Evans") in 2005. Evans offered to settle her account for the sum of $925.46. Wintermute agreed to the settlement offer and satisfied her account in full by paying Evans $925.46. Thereafter, Discover transferred Wintermute's account to defendant Financial Credit Service, Inc. ("Financial"). Financial then engaged in attempts to collect the previously satisfied debt. Wintermute claims that the actions of Discover and Financial violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. and the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq.*

In order to state a claim under the FDCPA against Discover, Wintermute must allege or state facts suggesting that Discover qualifies as a "debt collector" as defined in 15 U.S.C. § 1692a(6). Wintermute has made no such allegation, nor has she stated such facts. Rather, Wintermute alleges that Discover was a credit card issuer. "The term 'debt collector'... refers only to persons attempting to collect debts due 'another.'" *MacDermid v. Discover Financial Services*, 488 F.3d 721, 734 (6th Cir. 2007) (citing 15 U.S.C. § 1692a(6)). Creditors are generally excluded from the definition of debt collector. *See* 15 U.S.C. § 1692a(6)(F)(ii), 1692a(4); *see also MacDermid*, 488 F.3d at 735 (citing

- 2 -

*Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 794 (W.D.Ky.2003) (considering it "well-settled" that "a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts")). Wintermute has not alleged an exception to this rule. Accordingly, the court must dismiss Wintermute's FDCPA claim against Discover.

The KCPA provides that: "unfair [and unconscionable], false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." KRS 367.170. Wintermute essentially alleges that Discover engaged in such acts or practices by transferring her already satisfied account to Financial. However, Wintermute's allegation is flatly contradicted by the letter which she received from Evans. Wintermute attached the letter as an exhibit to her complaint. The letter states that "[Evans] law office has *purchased this account* for recovery and/or settlement purposes [and] [w]e at Evans Law Office, *now acting as sole owner of the account* listed above, will review this account for further action." (emphasis added). Thus, the letter indicates that Evans was the owner of Wintermute's account at the time she alleges that it was transferred to Financial. Therefore, according to Wintermute's exhibit, Discover could not have transferred her account as alleged in the complaint. If an exhibit attached to a complaint is inconsistent with the allegations of the complaint, the exhibit controls. *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South* Bend, 163 F.3d 449, 454 (7th Cir. 1998); *Mengel Co. v. Nashville Paper Products and Specialty Workers Union, No. 513*, 221 F.2d 644, 647 (6th Cir. 1955). Accordingly, the court must dismiss Wintermute's KCPA claim.

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Discover's motion to dismiss is **GRANTED** and Wintermute's claims against Discover are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this